IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| JONATHAN HALL, | ) |
| Movant, | ) |
| v. | ) CIVIL ACTION NO. 2:16-05727 |
| | ) (Criminal No. 2:07-00019) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 75) and "Supplemental Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255" (Document No. 80). By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 76.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A.   Criminal Action No. 2:07-00019:**

On June 7, 2007, Movant pled guilty to one count of Being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two), and one count of Possession of a Firearm in Furtherance of a Violent Crime (Count Three) in violation of 18 U.S.C. § 924(c). (Criminal Action No. 2:07-00019, Document Nos. 55, 58, and 59.) The District Court sentenced Movant on August 29, 2007, to serve a total term of 162 months of incarceration to be followed by a five-year term of supervised release. (Id., Document Nos. 67 and 68.) The District Court further imposed a $200 special assessment. (Id.) Movant did not file a direct appeal to the Fourth Circuit Court of Appeals.

B.     **Section 2255 Motion:**

On June 24, 2016, Movant, by court-appointed counsel, Federal Public Defender Christian M. Capece and Research and Writing Specialist Jonathan D. Byrne, filed his "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255." (Civil Action No. 2:16-5727, Document No. 75.) In support of his Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Movant argues that he is entitled to relief under Section 2255(f)(3) "because he filed [his Motion] within one year of the Supreme Court's decision in Johnson – a ruling which established a 'newly recognized' right that is 'retroactively applicable to cases on collateral review.'" (Id.) Movant contends that in light of Johnson, he is innocent of the Section 924(c) conviction (Count Three). (Id.) Additionally, counsel states that they were unable to fully brief the issues presented in the Section 2255 Motion due to time constraints and "counsel will ask for leave to supplement this petition at a later time." (Id.)

By Order entered on June 30, 2016, the undersigned directed Movant to file any supplemental brief in support of his Section 2255 Motion by August 1, 2016, and directed the United States to file its Answer by September 12, 2016. (Id., Document No. 79.) On August 1, 2016, Movant, by counsel, filed his "Supplemental Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255." (Id., Document No. 80.) Movant first explains that he was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Three). (Id.) Movant states that the underlying "crime of violence" for the Section 924(c) charge was a violation of 18 U.S.C. § 2119 (carjacking). (Id.) Movant argues that post-Johnson, carjacking categorically fails to qualify as a "crime of violence." (Id.) First, Movant asserts that "his conviction for carjacking is not a crime of violence under the § 924(c)(3)(A) force

clause, because it does not have as an element the 'use, attempted use, or threatened use of physical force against the person or property of another.'" (Id.) Second, Movant claims that "carjacking is not a crime of violence under the § 924(c)(3)(B) residual clause, because that similarly worded provision suffers from the same substantive constitutional defects that prompted the Supreme Court to hold the ACCA residual clause failed to provide adequate notice and invited arbitrary enforcement to the degree it was unduly vague under the Due Process Clause." (Id.) Movant explains that in Johnson, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argues that logically Johnson applies to Section 924(c)(3) based on the substantively similar language of Section 924(e)(2)(B)(ii) and 924(c)(3)(B). (Id.) Movant further cites Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) in support of his claim. (Id.) In Dimaya, the Ninth Circuit determined that the "residual clause" of Section 16 was unconstitutional based upon Johnson. (Id.) Movant notes that the "residual clause" of Section 16 and Section 924(c)(3) are textually identical. (Id.) Citing In re Hubbard, Movant notes that the Fourth Circuit treats Section 16(b) identically to Section 924(c)(3). (Id.) Accordingly, Movant argues that his Section 924(c) conviction should be vacated based upon Johnson. (Id.)

On September 12, 2016, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 82.) First, the United States argues that "[c]arjacking is unquestionably a crime of violence under the force clause in § 924(c)(3)(A), following the Fourth Circuit's recent decision in United States v. McNeal, 818 F.3d 141 (4th Cir. 2016) and its order in In re Perry, No. 16-3019, ECF No. 9 (4th Cir. Aug. 20, 2016)." (Id.) Second, the United States contends that Movant "procedurally defaulted on this claim, inasmuch as he has never before challenged whether carjacking is properly considered a crime of violence under the force clause,

and he has offered no good reason to excuse his delay in bring such a challenge." (Id.) Third, the United States claims that Movant's claim that carjacking does not satisfy the "force clause" categorically based upon Descamps is untimely. (Id.) Fourth, the United States asserts that Movant's claim is premature because the Supreme Court had not held that Johnson applied to Section 924(c) or that it was retroactively applicable to such. (Id.) Finally, the United States argues that Johnson does not invalidate Section 924(c)(3)(B). (Id.)

Movant, by counsel, filed his Reply on September 26, 2016. (Id., Document No. 83.) First, Movant continues to argue that carjacking is not a "crime of violence" under Section 924(c)(3)(A). (Id.) First, Movant argues that regardless of the sentence ultimately imposed, Movant was classified as a career offender at sentencing. (Id., pp. 1 – 3.) Second, Movant contends that he is not barred by procedural default because "he has cause for not making that 'novel' challenge at sentencing or during his direct appeal." (Id., pp. 4 – 5.) Third, Movant asserts that his claim is timely because his Section 2255 Motion was filed within one year of the Supreme Court's issuance of Johnson. (Id., pp. 5 – 7.) Fourth, Movant disputes that his Johnson based argument challenging Section 924(c)(3)(B) is premature. (Id., pp. 7 – 8.) Finally, Movant argues that Johnson does apply to Section 924(c)(3)(B). (Id., pp. 8 – 13.)

The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on April 9, 2018. Movant is currently serving his five-year term of supervised release.

## **ANALYSIS**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel

5

are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to 18 U.S.C. § 924(c). Movant was

convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Three). (Id.) Movant states that the underlying "crime of violence" for the Section 924(c) charge was a violation of 18 U.S.C. § 2119 (carjacking). Movant explains that Section 924(c)'s definition of "crime of violence" contains a "residual clause" that is materially indistinguishable from the "residual clause" in the ACCA that was struck down in Johnson. Section 924(c)'s "residual clause" defines "crime of violence" to include any felony that "by its nature, involves a substantial risk that physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(B). In Sessions v. Dimaya, ___ U.S. ___, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), the Supreme Court extended Johnson and determined that the "residual clause" found in 18 U.S.C. § 16(b) is unconstitutionally vague. As noted by Movant, the definition of "crime of violence" as contained in Section 16(b) is nearly identical to the definition of "crime of violence" contained in Section 924(c)(3)(B). Recently, the Supreme Court determined that the "residual clause" of Section 924(c)(3)(B) is also unconstitutionally vague. United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319, ___ L.Ed.2d ___ (2019). The Supreme Court also addressed the Government's argument that Section 924(c)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. Id. The Supreme Court, however, rejected the Government's request that the Court "abandon the traditional categorical approach and hold that the statute commands a case-specific approach that would look at the defendant's actual conduct in the predicate crime." Id. The Supreme Court determined that Section 924(c)(3)(B), similar to Section 16(b), carries a categorical approach and is unconstitutionally vague. Id.

       The undersigned will assume without deciding that Movant's Section 2255 Motion is timely, and Davis is retroactive to cases on collateral review based upon Johnson and Welch.

Despite the holding in Davis, the undersigned finds that Movant is not entitled to relief. Specifically, the undersigned finds that Movant's conviction for federal carjacking qualifies as a "crime of violence" under the "force clause" of Section 924(c)(3)(A). In his Section 2255 Motion, Movant argues that federal carjacking is not a crime of violence under the "force clause" because 18 U.S.C. § 2119 permits a conviction "by intimidation." The Fourth Circuit, however, has determined that the offense of carjacking in violation of Section 2119 qualifies as a "crime of violence" under the "force clause" "because the carjacking statute 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" United States v. Evans, 848 F.3d 242, 244 (4th Cir. 2017), cert. denied, ___ U.S. ___, 137 S.Ct. 2253, 198 L.Ed.2d 688 (2017). In Evans, the Fourth Circuit specifically considered and rejected the argument that carjacking could not constitute a "crime of violence" under the "force clause" because the offense could be committed "by intimidation." Id., 848 F.3d at 246-48. Citing United States v. McNeal, 818 F.3d 141 (4th Cir. 2016), the Fourth Circuit explained it determined that the federal crime of bank robbery was a "crime of violence" under the "force clause" of Section 924(c)(3). Id., 848 F.3d. at 246-47("the term 'intimidation,' as used in the federal bank robbery statute, required the threatened use of physical force, and that, therefore, the federal crime of bank robbery categorically qualified as a crime of violence under the force clause of Section 924(c)(3).") The Fourth Circuit explained the "intimidation" phrase in the federal bank robbery statute is "substantively identical" to the "intimidation" phrase in issue in the federal carjacking statute. Id.; See 18 U.S.C. § 2113("by force and violence, or by intimidation") and 18 U.S.C. § 2119("by force and violence or by intimidation"). Further, the Fourth Circuit stated that "[o]ur conclusion is not altered by our decision in *Torres-Miguel*," because "unlike the statute at issue in *Torres-Miguel*,

8

the carjacking statute includes the statutory element of 'by force and violence or by intimidation.'" Id., 848 F.3d at 247(explaining that in *Torres-Miguel*, the California statute at issue provided "a crime may *result* in death or serious injury without involving use of physical force"). The Fourth Circuit explained that "the term 'intimidation' used in this context means a threat of violence force." Id. The Fourth Circuit, therefore, held that "the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, necessarily includes a threat of violence force within the meaning of the 'force clause' of Section 924(c)(3)." Id.

Based upon the foregoing, the undersigned finds that Movant's Section 2255 Motion should be denied because Movant's federal carjacking conviction qualifies as a "crime of violence" under the "force clause" of Section 924(c)(3). See Evans, 848 F.3d at 247; also see Taylor v. United States, 2019 WL 3213547,, * 1 (8th Cir. July 17, 2019)(citing Estell v. United States, 924 F.3d 1291, 1293 (8th Cir. 2019)("Notwithstanding the holding in *Davis*, we deny [Movant's] request for relief under § 2255 because his carjacking conviction qualifies as a crime of violence under the force clause of § 924(c)(3)(A)."); United States v. Jackson, 918 F.3d 467 (6th Cir. 2019)(finding defendant's federal conviction for carjacking qualified as a "crime of violence" under the "force clause" of Section 924(c)); United States v. Cruz-Rivera, 904 F.3d 63 (1st Cir. 2018), cert. denied, ___ U.S. ___ 139 S.Ct. 1391, 203 L.Ed.2d 623 (2019)(federal carjacking is a "crime of violence" under the "force clause" of Section 924(c)); United States v. Kundo, 743 Fed.Appx. 201 (10th Cir. 2018)("As both the bank robbery and carjacking statutes are worded similarly concerning intimidation, we hold that intimidation under the carjacking statute also requires the use of physical force."); United States v. Jones, 854 F.3d 737 (5th Cir. 2017), cert. denied, ___ U.S. ___, 138 S.Ct. 242, 199 L.Ed.2d 155 (2017)(same); United States v. Gutierrez, 876 F.3d 1254 (9th Cir. 2017),

9

cert. denied, ___ U.S. ___, 138 S.Ct. 1602, 200 L.Ed.2d 785 (2018)(the federal offense of carjacking is a "crime of violence" under 18 U.S.C. § 924(c)); In re Smith, 829 F.3d 1276, 1280 (11th Cir. 2016)(finding that "intimidation" in the federal carjacking statute means threatened use of violent physical force).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 75), "Supplemental Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255" (Document No. 80), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

    Date: July 24, 2019.

Omar J. Aboulhosn
United States Magistrate Judge